IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLACKBIRD TECH LLC d/b/a
BLACKBIRD TECHNOLOGIES,

    Plaintiff,

v.

LETIANLIGHTING, INC.,

    Defendant.

C.A. No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a/ Blackbird Technologies ("Blackbird Technologies") hereby alleges for its Complaint for Patent Infringement, on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### THE PARTIES

1. Plaintiff Blackbird Technologies is a company organized under the laws of Delaware, with its principal place of business located at 200 Baker Avenue, Suite 203, Concord, MA 01742.

2. Defendant LETIANLIGHTING, INC. ("Defendant") is a company organized under the laws of Nevada with its principal place of business located at 3651 Lindell Road, Suite D, Las Vegas, NV 89103.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, title 35, United States Code §§ 100, *et sec*.

1

4. Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant is subject to specific jurisdiction in the State of Delaware.  Defendant is subject to personal jurisdiction because Defendant or its agents have transacted business in Delaware by selling the Accused Products to customers in Delaware; caused tortious injury in Delaware by intentionally shipping Accused Products into Delaware; and/or placed the Accused Products into the stream of commerce with an intent to serve the Delaware market by marketing and selling the Accused Products in the United States without intending to exclude Delaware by selling the Accused Products through a national retailer, specifically by selling the Accused Products through the "Neon Mart" storefront on Amazon.com.  The exercise of personal jurisdiction comports with Defendant's right to due process because, as described above, Defendant has purposefully availed itself of the privilege of conducting activities within Delaware such that it should reasonably anticipate being haled into court here.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) and because Defendant transacts business within this District and offers for sale in this District products that infringe U.S. Patent No. 7,086,747.

COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,086,747

7. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

8. On August 8, 2006, U.S. Patent No. 7,086,747 (the "'747 Patent") entitled, "Low-Voltage Apparatus for Satisfying After-Hours Lighting Requirements, Emergency Lighting Requirements, and Low Light Requirements," a true and correct copy of which is attached hereto

as "Exhibit A," was duly and legally issued by the U.S. Patent and Trademark Office.  Blackbird Technologies is the owner by assignment of all right, title, and interest to the '747 Patent, including all right to recover for any and all past infringement thereof.

9. The '747 Patent is valid and enforceable.

10. Defendant has in the past and continues to infringe literally, and/or under the Doctrine of Equivalents, one or more of the claims of the '747 Patent by, to the extent not licensed under the '747 patent, making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, linear LED lighting products that embody or use the inventions claimed in the '747 Patent, including, but not limited to, the LED lighting products listed in Exhibit B (the "Accused Products"), in violation of 35 U.S.C. § 271(a).  An exemplary claim chart detailing Defendant's infringement is attached hereto as Exhibit C.  The accused product shown in Exhibit C was purchased from Defendant through its Amazon.com storefront.  Upon information and belief, all Accused Products are substantially similar in all relevant respects to the exemplary product identified in Exhibit C.

11. Alternatively, and solely with respect to conduct occurring after the service of the Complaint and, to the extent not licensed under the '747 patent, Defendant has contributed to the infringement of the '747 Patent by selling or offering to sell within the United States a component of a patented machine or manufacture, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '747 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

12. Defendant will have had actual knowledge of the '747 patent from the date of its receipt of the Complaint.  From that time, Defendant's sale or offer to sell in the United States

infringing LED lighting products, including but not limited to the Accused Products, which are a component of a machine and/or manufacture claimed by the '747 Patent, and a material or apparatus for use in practicing a process claimed by the '747 Patent, will contribute to the infringement of the '747 Patent.

13. The Accused Products are a material part of the claimed invention. For example, the Accused Products are components of an energy-efficient lighting apparatus for retrofit with an existing light fixture having a ballast cover, as described in claim 12 of the '747 Patent. When these components are coupled to a wall switch, as described in claim 12 of the '747 Patent, the resulting structure infringes claim 12 of the '747 Patent.

14. By coupling the Accused Products to a wall switch, Defendant's customers, and others, directly infringe the '747 Patent.

15. Further, Defendant knows that the Accused Products are especially made or especially adapted for use in an infringement of the '747 Patent and that they are not a staple article or commodity of commerce suitable for substantial noninfringing use. To the extent the Accused Products can be or are used in configurations where they are not coupled to a wall switch, those uses are insubstantial, particularly when compared with their use in configurations where they are coupled to a wall switch.

16. In the further alternative, and solely with respect to conduct occurring after the service of the Complaint, and, to the extent not licensed under the '747 patent, Defendant has actively induced infringement of the '747 Patent by directing purchasers of infringing LED lighting products, including, but not limited to, the Accused Products, to couple those products to a wall switch, as described in, for example, claim 12 of the '747 Patent. Defendant actively

induces these actions while knowing that the induced acts constitute infringement of the '747 Patent.

17. Defendant will have had actual knowledge of the '747 patent, and that the Accused Products infringe that patent, from the date of its receipt of the Complaint. From that time, Defendant will have induced infringement by, without limitation, making, using, importing, selling and/or offering for sale the Accused Products for use by customers and others and providing those customers and others with instructions and information as to arrangements, applications, and uses of the Accused Products that promote and demonstrate how to use the Accused Products in a manner that would infringe the '747 Patent, including by coupling the Accused Products to a wall switch. For example, as shown in the instructions attached hereto as Exhibit D, Defendant instructs its customers to "**Switch on** the power supply to light it up." (Ex. D at 1 (emphasis added).)

18. Defendant's customers directly infringe the '747 Patent when, in accordance with Defendant's instructions, they couple the Accused Products to a wall switch.

19. Defendant's acts of infringement of the '747 Patent have caused and will continue to cause Blackbird Technologies damages for which it is entitled to compensation pursuant to 35 U.S.C. § 284. The past and present owners of the '747 Patent have complied with 35 U.S.C. § 287.

PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant as follows:

A. Adjudging that the '747 Patent is valid and enforceable;

B.      Adjudging that Defendant has infringed, actively induced infringement of, and/or contributorily infringed the '747 Patent in violation of 35 U.S.C. § 271(a), (b), and (c);

C.      Ordering Defendant to account and pay damages adequate to compensate Blackbird Technologies for Defendant's infringement of the '747 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.      Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

E.      Declaring this case exceptional and awarding Blackbird Technologies its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

F.      Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated: November 8, 2016

OF COUNSEL

Christopher Freeman
cfreeman@blackbird-tech.com
Wendy Verlander
wverlander@blackbird-tech.com
Sean K. Thompson
sthompson@blackbird-tech.com
Blackbird Tech LLC d/b/a
Blackbird Technologies
One Boston Place, Suite 2600
Boston, MA 02108
617.307.7100

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
  stamoulis@swdelaw.com
Richard C. Weinblatt #5080
  weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff
Blackbird Tech LLC
d/b/a Blackbird Technologies*